## BRADNER v KELLY

Ohio Appeals, 6th Dist, Wood Co
No. 459.  Decided November 25, 1929

Mr. Benjamin F. James, Bowling Green, for Bradner.

Messrs. Ora Wade and S. W. Bowman, Bowling Green, for Kelly.

WILLIAMS, J.

The language of the amended petition in each case is somewhat ambiguous but under the Code we must give the pleading a liberal construction. As to the suit brought by the father, it appears from the amended petition that the landlord had knowledge of the contaminated condition of the well at the time he made the lease and that the plaintiff lessee had no knowledge thereof prior to the time the sickness befell him. The rule is that where a landlord leases premises to a tenant and at the time knows of a hidden, dangerous condition of the premises and conceals the same from the tenant, and the tenant, without knowledge of such dangerous condition or of facts which would charge him with knowledge thereof, is injured thereby, the landlord is guilty of such deceit as will render him liable for injuries and damages directly and proximately caused by such dangerous condition. **Shinkle vs. Birney, 68 Ohio St., 328, 334, 335.**

The amended petition in the action brought by the tenant stated a cause of action within this rule.

As to the action brought by the minor son, it fairly appears from the allegations of the amended petition filed by the minor that at the time the premises were leased the lessor, knowing of the contamination of the well on the premises, which would endanger and imperil health and life, made the lease with this knowledge, that this condition amounted to nuisance, and that he is liable to persons lawfully on the premises, as the minor was, who did not know of the contamination of the well, and the landlord is not relieved from liability by leasing the premises. 16 R. C. L., 1076, Sec. 594 and cases cited.

The amended petition in the action brought by the minor stated a good cause of action.

The demurrers were erroneously sustained to the prejudice of the plaintiff in each of the cases and the judgments will be reversed and causes remanded with directions to overrule the demurrers and for further proceedings according to law.

Lloyd and Richards, JJ., concur.